**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CAROL CAPLINGER, et al.,                :

      Plaintiffs,                                         Case No. 3:12-cv-97

                                          District Judge Thomas M. Rose
     -vs-                                                            Magistrate Judge Michael R. Merz
                                :

WHITFIELD FARLEY, III, et al.,

      Defendants.

## DECISION AND ORDER

This case is before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. No. 18). Defendant Clear Creek Farm opposes the Motion (Doc. No. 22), but Defendant Whitfield Farley has not done so. The time within which Plaintiffs were allowed to file a reply memorandum in support under S. D. Ohio Civ. R. 7.2 has expired and no reply was filed. Thus the Motion is ripe for decision. As a non-dispositive pre-trial motion, it may be decided in the first instance by the undersigned Magistrate Judge to whom the case has been referred for pretrial management (Preliminary Pretrial Conference Order, ("PPTO"), Doc. No. 19, PageID 89.)

The motion is timely under the PPTO. See Doc. No. 19, ¶ 4.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

      If the underlying facts or circumstances relied upon by a plaintiff

> may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "Delay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

As Plaintiffs describe the proposed amendment, it is to add "an allegation that Defendants should be subjected to punitive damages." (Motion, Doc. No. 18, PageID 72, ¶ 3.) As Defendants analyze the proposed amended complaint, it sets forth the punitive damages claim as

"Count VIII" (Memo in Opp., Doc. No. 22, PageID 119.)  Actually, the proposed amended complaint does not have a Count VIII.  Rather, it purports to state five counts:  battery (Count II), assault (Count II), intentional and negligent infliction of emotional distress (Count III), respondeat superior (Count IV), and negligence (Count V).  The demand for punitive damages is then included in a section VII at the very end.  The proposed amended complaint alleges criminal conduct by Defendant Farley, conduct for which he has been convicted and sentenced and which, the Court believes, would have required the State to prove *mens rea* rising to the level of willful and wanton conduct sufficient to support an award of punitive damages against Mr. Farley.  The proposed amended complaint does not allege any conduct by any officer, director, or employee of Clear Creek Farms other than Mr. Farley which rises to that level of willful or wanton conduct.   In fact, it is unclear from the proposed amended complaint whether Plaintiffs intend to assert a claim for punitive damages against Clear Creek Farms; the proposed amended complaint does not allege that Mr. Farley's criminal acts were done within the scope of his employment.

Defendant Clear Creek Farms has failed to show any prejudice arising from the delay in seeking an amendment.

As it stands, the proposed amended complaint does not state a claim for relief against Clear Creek Farms which would support an award of punitive damages, although it does state such a claim against. Mr. Farley.  The instant Motion to Amend is therefore DENIED without prejudice to its renewal not later than October 10, 2012, with a proposed amended complaint which actually states a claim for relief upon which punitive damages could be awarded against Clear Creek Farms and Mr. Farley.  If Plaintiffs are unable to make the requisite allegations against Clear Creek

3

within the bounds of Fed. R. Civ. P. 11, they may file a proposed amended complaint naming only Mr. Farley as potentially liable in punitive damages. Alternatively, if Plaintiffs believe the presently proposed amended complaint is sufficient to plead such a claim against Clear Creek, they shall support their renewed motion with authority to that effect.

October 2, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge
